UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

**UNITED STATES OF AMERICA**

-vs-                                                                    Case No.  1:08-CR-398-02-JOF

**WILLIAM MELVIN CARTER, II**

                                                                                                      **Defendant's Attorney:**
                                                                                                       **ALLISON COBHAM DAWSON**

**JUDGMENT IN A CRIMINAL CASE**
**(For Offenses Committed On or After November 1, 1987)**

The defendant plead guilty to Count(s) ONE, TWO, FOUR and FIVE of the Indictment.

Accordingly, the defendant is adjudged guilty of such count(s) which involves the following offense:

| Title & Section | Nature of Offense | Count No. |
|---|---|---|
| 18:1951 & 2 | Interfere With Commerce by Robbery | 1 |
| 18:1951 & 2 | Interfere With Commerce by Armed Robbery | 2 & 4 |
| 18:924(c)(1)(A)(ii) & 2 | Possession of a Firearm During and in Relation to Armed Robbery | 5 |

The defendant is sentenced as provided in pages 2 through    of this judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

Count(s) THREE dismissed on the motion of the United States.

It is ordered that the defendant shall pay the special assessment of **$ 400.00** which shall be due immediately.

**IT IS FURTHER ORDERED** that the defendant shall notify the United States attorney for this district within thirty days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid.

| | | |
|---|---|---|
| Defendant's Soc. Sec. No. | 2123 | Date of Imposition of Sentence: |
| Defendant's Date of Birth: | 1988 | July 30, 2009 |
| Defendant's Mailing Address: | | |
| Lovejoy, Georgia 30250 | | |

Signed this the 31st day of July, 2009.

                                                                                                       /s/ J. Owen Forrester
                                                                                                       J. OWEN FORRESTER
                                                                                                       UNITED STATES DISTRICT JUDGE

1:08-CR-398-02-JOF : WILLIAM MELVIN CARTER, II

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of **SEVENTY-EIGHT (78) MONTHS on Counts 1, 2 and 4 to run concurrent to each other and EIGHTY-FOUR (84) MONTHS on Count 5, to run consecutive to Counts 1, 2 and 4, for a total of ONE HUNDRED SIXTY-TWO (162) MONTHS.**  The defendant shall receive credit for the time his has served in federal custody, with the start date of January 15, 2008.

The defendant is remanded to the custody of the United States Marshal.

The Court recommends that the defendant be placed in an appropriate facility in or as close to the Atlanta area as possible.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

_____

Defendant delivered on _____ to _____

 at _____, with a certified copy of this judgment.

_____
                                        UNITED STATES MARSHAL

                                        By:_____
                                        Deputy U.S. Marshal

1:08-CR-398-02-JOF : WILLIAM MELVIN CARTER, II

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of Upon release from imprisonment, the defendant shall be on supervised release for a term of **FIVE (5) YEARS**.

While on supervised release, the defendant shall not commit another federal, state or local crime and shall not illegally possess a controlled substance.  The defendant shall comply with the standard and special conditions that have been adopted by this court (set forth below).  If this judgment imposes a restitution obligation, it shall be a condition of supervised release that the defendant pay any such restitution that remains unpaid at the commencement of the term of supervised release.  The defendant shall comply with the following additional conditions:

The defendant shall not own, possess or have under his control any firearm, dangerous weapon or other destructive device.

The defendant shall cooperate in the collection of DNA as directed by the probation officer, pursuant to 42 U.S.C. 14135a(d)(1) and 10 U.S.C. 1565(d), which requires mandatory DNA testing for federal offenders convicted of felony offenses.

1:08-CR-398-02-JOF : WILLIAM MELVIN CARTER, II
## STANDARD CONDITIONS OF SUPERVISION

While the defendant is on supervised release pursuant to this judgment, the defendant shall not commit another federal, state or local crime.  In addition:

1. The defendant shall not leave the judicial district without the permission of the court or probation officer;

2. The defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;

3. The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4. The defendant shall support his or her dependents and meet other family responsibilities;

5. The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;

6. The defendant shall notify the probation officer within **72** hours of any change in residence or employment;

7. The defendant shall refrain from the excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician, and shall submit to periodic urinalysis tests as directed by the probation officer to determine the use of any controlled substance;

8. The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9. The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;

10. The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;

11. The defendant shall notify the probation officer within **72** hours of being arrested or questioned by a law enforcement officer;

12. The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

13. As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

1:08-CR-398-02-JOF : WILLIAM MELVIN CARTER, II

## RESTITUTION

The defendant shall make restitution joint and severally with codefendants Christopher Leaphart (1:08-CR-398-01-JOF), Ryan Davis-Fields (1:08-CR-398-03-JOF) and Nicholas Lashae Williams (1:08-CR-398-04-JOF), to the following person(s) in the following amounts:

| Name of Payee | Amount of Restitution |
|---|---|
| Dollar Tree Stores, Inc. | $2,791.94 |
| BP Convenience Store (Bharet Kunar Patel) | $ 550.00 |
| Rose Marie Millis | $1,774.00 |
| **TOTAL** | **$5,115.94** |